# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOANN HUGGINS, on her own behalf and
others similarly situated,**

                       **Plaintiff,**

**-vs-**                                     **Case No. 6:05-cv-1740-Orl-22KRS**

**BETTER MEDICAL CARE, INC.,**

                       **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **FIRST AMENDED PETITION FOR MITIGATION OF SANCTIONS (Doc. No. 34)**
>
> **FILED:**      October 17, 2006

In the motion, counsel for Defendant Better Medical Care, Inc. ("Better Medical") writes as follows: "Counsel has conferred with Plaintiff's counsel regarding the contents of this Petition and Plaintiff's counsel *has no objection* to this Petition." Doc. No. 34 at 3 (emphasis added). Thereafter, counsel for Plaintiff JoAnn Huggins filed a response objecting to the relief sought. Doc. No. 35. It is unclear, therefore, whether counsel have engaged in a good faith effort to resolve the merits of the petition for mitigation, rather than just a discussion of whether Huggins objected to the filing of the petition.

Furthermore, counsel for Better Medical makes factual assertions in the petition that would be relevant to the award of actual expenses and possible reduction in the fee award. For example, if counsel for Huggins was traveling to Orlando to attend Huggins' deposition on the same day that Better Medical's corporate deposition was to occur, then he would not reasonably be entitled to the costs incurred by his travel to Orlando. Similarly, attorneys' fees would be limited to those reasonably incurred in the brief attendance at the deposition at which Better Medical's representative did not appear, and the fees incurred in filing the motion. Assuming Better Medical's representative subsequently appeared to be deposed pursuant to my order, the fees incurred in preparing to conduct the deposition originally were not wasted effort and, also, would not be compensable.

Accordingly, it is **ORDERED** that counsel for the parties shall again confer in a good faith effort to resolve the amount of attorneys' fees and actual expenses to be awarded as sanctions. It is further **ORDERED** that the requirement that Better Medical pay Huggins $1500.00 in attorneys' fees is suspended pending notification from the parties of the outcome of their renewed good faith conference, which notification shall be filed on or before January 8, 2006.

**DONE** and **ORDERED** in Orlando, Florida on December 22, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties