# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOANN HUGGINS, on her own behalf and
others similarly situated,**

                              **Plaintiff,**

**-vs-**                                                  **Case No. 6:05-cv-1740-Orl-22KRS**

**BETTER MEDICAL CARE, INC.,**

                              **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT (Doc. No. 59)** |
| **FILED:** | **May 9, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      This case was brought by Plaintiff JoAnn Huggins under the Fair Labor Standards Act (FLSA) as a collective action. 29 U.S.C. § 201, *et seq*. Doc. No. 1. No other persons have joined as plaintiffs.

      The parties have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised

when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

In the joint motion for approval of the settlement agreement, doc. no. 59, the parties provide a summary of settlement negotiations and describe the factors which caused the plaintiff to lower her demand. Based on my participation in the settlement conference, I am aware that the disputed issues of fact and law were significant and, as such, I find that the settlement is fair despite the significantly reduced amount being accepted by Huggins.

Accordingly, I respectfully recommend that the Court approve the settlement agreement, dismiss the collective action allegations in the complaint, and dismiss the case with prejudice, pursuant to the agreement of the parties. I further recommend that the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 10, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy